Tucker, Judge.
The declaration contains three counts, 1. For money had and received. 2. For money lent and advanced. ■ 3. Upon an inland bill of exchange drawn by Willock in Norfolk, upon Carey of Alexandria, payable, five days after date, to Travers, or order, for $ 100, value in account, and protested for non-payment. The jury found a verdict for $ 115 damages. The bill, (although not made part of the record, being inserted by the clerk,) appears to have been drawn on the 12th of April, 1798; to have been accepted by Carey, but at what time does not appear; and to have been protested, for non-payment, on the 10th of July following.
On the trial the defendant Willock, moved the court to instruct the jury, that the endorsee of an inland bill of exchange was bound to make application for its payment to the drawee, within a reasonable period from the time when it became due, and that unless such application was made in such reasonable time, the endorser had no recourse against the drawee of the said bill. The defendant also moved the *361 court to instruct the jury, that the endorsee of a bill of exchange was bound to give notice, to the drawer thereof, of its non-acceptance, within a reasonable time after the protest made for such non-acceptance; and that, unless such notice was given within such reasonable time, the drawer of the said bill would stand discharged from any responsibility on his part for its payment to the said endorsee. But the court were of opinion that, although such application for payment w'as not made within a reasonable time; and, although such notice of non-acceptance was not given within a reasonable time after its protest, still the endorser had his recourse against the drawer, and might recover, unless there were evidence of insolvency in the drawee, or other damages occasioned by the neglect, and so instructed the jury. To which opinion the defendant excepted.
The matter stated in the second part of this bill of exceptions and which relates only to the case of non-acceptance, seems to bear no relation whatever to the case stated in the declaration, in which nothing is said about the non-acceptance of the bill by Carey, but only charges that he did not pay it when demanded. This part of the court’s instruction may, therefore, be thrown wholly out of the ques= tion, as having no relation to the cause.
But with respect to that part of the court’s opinion which declares, that, although application for payment of an inland bill of exchange be not made within a reasonable time, that still the endorsee might have his recourse against the drawer, and might recover, unless there were evidence of insolvency in the drawee, or other damages occasioned by the neglect, I incline to think the court not so correct in its instruction as it might have been. For I accord with the opinion of chief justice Eyre, 2 H. Black. 569, that, in the case of inland bills of exchange, what is reasonable time must depend upon the particular circumstances of the case, and the judges who gave the instruction seem to have been of this opinion in the latter part of their direction, although in the former part, they may be supposed to have entertained a *362 different idea. Due diligence must be used in all cases of bills of exchange, whether foreign, or inland. Per Butter, judge, 2 Hen. Black. 569. The defendant not having spread the bill of exchange, nor the evidence respecting the presentation, acceptance, or non-acceptance, or non-payment, or notice of protest, upon the record, by which this court may judge of the applicability of the instruction prayed, and given by the court to this case, I do not hold myself bound to decide upon the question thus propounded-; especially as there are two other counts in the declaration; upon both of which, for aught that appears to the contrary, there might have been evidence given to the jury : which this court will now presume, inasmuch as the damages given by them are not commensurate with the sum mentioned in the bill set forth in the third count, but exceed it. It is trite, that it has been decided in England, that if a bill of exchange be inadmissible in evidence upon a special count, the plaintiff cannot recover on the common general counts, if there be no other evidence, to support the plaintiff’s demand, but the bill. Jordaine v. Lashbrooke, 7 T. Rep. 601. In which decision ! concur. In the present case, however, it does not appear, but there might have been other evidence, as the contrary is not stated in the bill of exceptions ; and the party who excepts must hold himself to the matter stated in the bill of exceptions. 2 Inst. 427. I am therefore of opinion, that the judgment ought to be affirmed.
Roane, Judge.
As parties ought not to propound, nor courts to answer, mere abstract questions no how essential to the cause, questions which are obscurely worded in a bill of exceptions, ought to be understood with reference to the actual case before the court: But, if questions of that character are propounded, and the court decide them rightly, their decision shall not be reversed for error, according to the maxim, utile per inutile non vitiatur.
The question here propounded was not an abstract question, however, but it went beyond the case made by the last *363 count in the declaration: It called upon the court to say, whether for want of the notice therein mentioned, the drawer of the bill was not discharged from all responsibility for its payment? By his question, so explicitly stated, he puts it out of our power, by reference to the declaration, to limit it to the case stated in the last count; that is, to a case going for interest as well as principal: It is only in a case of doubtful expression that we could so interpret it.
Under the latitude of the question put to the court by the defendant, their opinion is not erroneous; for the party, without such notice, may recover the principal.
Their opinion then, is not to be taken to be erroneous; and there may have been, for any thing that appears, other testimony to warrant the recovery. I think, therefore, that the judgment ought to be affirmed.
Fleming, Judge.
The act of assembly does not make the loss of the principal, the consequence of the failure to give notice to the drawer; for, as to him, the penalty, for the neglect, is the loss of the interest and damages only. Besides, it does not appear that all the evidence was stated in the bill of exceptions; nor upon which of the counts the verdict was taken: And there might have been testimony sufficient to support the money counts. I am therefore for affirming the judgment.